
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY LARA,<br><br>　　　　　Petitioner - Appellant,<br><br>　v.<br><br>DWIGHT NEVEN, Warden,<br><br>　　　　　Respondent - Appellee. | No. 13-15476<br><br>D.C. No. 2:12-cv-00505-KJD-PAL<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, Senior District Judge, Presiding

Submitted September 15, 2015[**]
San Francisco, California

Before: CALLAHAN, CHRISTEN, and FRIEDLAND, Circuit Judges.

Jerry Lara was convicted in 1997 for first-degree murder and discharging a

firearm into a vehicle. He was sentenced to two consecutive 20-year terms and his

conviction was affirmed by the Nevada Supreme Court in 2000. His first state

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

post-conviction petition was finally denied in 2004. He filed a second state post-conviction petition in 2008, which was finally denied in 2011. On March 15, 2012, Lara filed a federal habeas petition in the District Court for the District of Nevada. The petition alleged that the jury instruction based on *Kazalyn v. State*, 825 P.2d 578 (Nev. 1992), relieved the state of the burden of proving that the killing was deliberate, as well as premeditated. He further alleged that the instruction had been disapproved in *Byford v. State*, 994 P.2d 700 (Nev. 2000), and *Polk v. Sandoval*, 503 F.3d 903 (9th Cir. 2007), *overruled in part by Babb v. Lozowsky*, 719 F.3d 1019, 1028-30 (9th Cir. 2013). The district court dismissed the petition as both untimely and procedurally barred. We agree that the district court properly dismissed the petition as untimely.

Pursuant to 28 U.S.C. § 2244(d)(1), the one-year statute of limitations applicable to Lara's habeas petition begins to run from the latest of: (a) the date on which the judgment becomes final, (b) the date a state-created impediment to filing is removed, (c) the date the Supreme Court newly recognizes a constitutional right that is made retroactively applicable to cases on collateral review, or (d) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.

Lara argues that he is entitled to delayed accrual of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B), (C), or (D). We disagree. Even if Lara's lack of law library access while in lockdown constituted a state-created impediment, from November 2006 until February 2008 Lara had law library access two times per week, three hours at a time. The Ninth Circuit's decision in *Polk*, 503 F.3d 903, does not support Lara's argument for a delayed onset of the limitations period because it was not a new rule of constitutional law issued by the Supreme Court. As to the factual predicate of his claim, Lara knew of the jury instruction at the time of his trial, and *Byford* was decided while his direct state appeal was still pending.

Lara's argument that he is entitled to statutory tolling during the pendency of his second habeas petition is equally unavailing. Under 28 U.S.C. § 2244(d)(2), statutory tolling of the one-year limitations period is only available if the state habeas petition was "properly filed." Because the Nevada Supreme Court determined that Lara's second state habeas petition was untimely, the petition did not satisfy this threshold requirement. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

Equitable tolling is available upon a showing that the petitioner diligently pursued his rights but "some extraordinary circumstance stood in his way."

3

*Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). We have indicated that equitable tolling is only available where a petitioner shows an extraordinary circumstance beyond his control that made it almost impossible to file a timely petition. *See Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010). Here, accepting Lara's allegations as true, neither his limited access to the law library in prison, nor his lack of advice or assistance from counsel, nor their combination so interfered with his ability to file a timely federal petition as to allow for equitable tolling.

The District Court's dismissal of Lara's habeas petition as untimely is **AFFIRMED**.